UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| THE STATE OF INDIANA, ex rel. HARMEYER, | ) |
| | ) |
| Plaintiffs and Qui Tam Relator, | ) |
| | ) |
| vs. | ) No. 1:17-cv-00538-JMS-DML |
| | ) |
| THE KROGER CO., KROGER LIMITED PARTNERSHIP I, KRGP, INC., PAY LESS SUPER MARKETS, INC., and RALPHS GROCERY COMPANY, | ) |
| | ) |
| Defendants. | ) |

## **ORDER**

On February 21, 2017, Defendants The Kroger Co., Kroger Limited Partnership I, KRGP, Inc., Pay Less Super Markets, Inc., and Ralphs Grocery Company filed a Notice of Removal in which they claimed that this case could be removed to this Court on the basis of diversity jurisdiction. [Filing No. 1.] In a February 23, 2017 Order, the Court identified several deficiencies with the Notice of Removal and ordered Defendants to either file an Amended Notice of Removal addressing the deficiencies, or to file a Motion to Remand this action to state court. [Filing No. 11.] Defendants filed an Amended Notice of Removal on March 3, 2017, [Filing No. 14], and Relator Michael Harmeyer filed his response to the Amended Notice of Removal pursuant to S.D. Ind. Local Rule 81-1 on March 20, 2017, [Filing No. 20].

In his Local Rule 81-1 Statement, Relator Harmeyer set forth his position that the State of Indiana is a real party in interest to this litigation, such that diversity jurisdiction does not exist. [Filing No. 20 at 2-4.] The Court determined that Relator Harmeyer's 81-1 Statement should be treated as a Motion to Remand, [Filing No. 27], and that motion has now been fully briefed and is ripe for the Court's decision.

# I.
## STANDARD OF REVIEW

"[S]ubject matter jurisdiction is a fundamental limitation on the power of a federal court to act." *Del Vecchio v. Conseco, Inc.*, 230 F.3d 974, 980 (7th Cir. 2000) (collecting cases). Thus, it cannot be waived and "always comes ahead of the merits." *Leguizamo-Medina v. Gonzales*, 493 F.3d 772, 774 (7th Cir. 2007).

A party that removes a state court case to federal court has the burden of establishing federal jurisdiction. *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 758 (7th Cir. 2009); *see also Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 824-25 (7th Cir. 2013) ("The removing defendant has the burden of proving the jurisdictional predicates for removal"). "[F]ederal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur*, 577 F.3d at 758. "If at any time…it appears that the district court lacks subject matter jurisdiction, the case shall be remanded" to state court. 28 U.S.C. § 1447.

# II.
## DISCUSSION

Relator Harmeyer argues that diversity jurisdiction does not exist when a state is a party, because states are "jurisdiction spoilers." [Filing No. 20 at 2-3.] He asserts that the Indiana False Claims and Whistleblower Protection Act ("IFCWPA") specifically provides that a Relator who brings an action under the IFCWPA does so "'on behalf of the State.'" [Filing No. 20 at 3 (quoting Ind. Code § 5-11-5.5-4(a)).] Relator Harmeyer notes that the IFCWPA entitles the State of Indiana to recover the majority of money damages awarded, so it is a "real party in interest." [Filing No. 20 at 3-4.] He concludes that he "has no objection to litigating this action in the Southern District of Indiana, [but] it appears that this case must be remanded to the Superior Court of Marion County, Indiana, as a matter of law." [Filing No. 20 at 4.]

In response, Defendants argue that "States do not have citizenship, so if the Attorney General or Inspector General for Indiana had intervened in this case, their presence would defeat diversity." [Filing No. 25 at 3 (emphasis omitted).] They contend that in this case, because the Attorney General and Inspector General specifically elected not to intervene, the State of Indiana is not a party to the action, "despite the presence of its name in the caption." [Filing No. 25 at 4.] Defendants note that the IFCWPA mirrors the federal False Claims Act and acknowledge that "[a]t least a couple of courts have remanded state *qui tam* actions" finding that the State was a real party in interest, but argue that those cases "have not considered the issue in any depth, however, and have overlooked Supreme Court case law that demonstrates that this Court has jurisdiction to hear this case, and that removal was proper." [Filing No. 25 at 4.] Defendants point to cases outside of the *qui tam* context, where courts found that other parties – such as a trustee in one case – were the real parties in interest where they brought claims on behalf of others. [Filing No. 25 at 5-6.] Defendants also argue that an analysis under the Eleventh Amendment indicates that there is diversity jurisdiction here, stating "[a]lthough the federal government can sue a state under the federal FCA, a relator cannot because he is not the equivalent of the government on whose behalf he brings the suit. Similarly, in this action under the IFCWPA, the relator is not the equivalent of the state government on whose behalf he brings the suit, so his citizenship, not the state's lack of citizenship, controls the issue of diversity." [Filing No. 25 at 13.] Additionally, Defendants argue that a state is deemed a real party in interest sufficient to defeat diversity only if the relief sought enures to the State's benefit alone, and that here the Relator is entitled to a recovery so is also a real party in interest. [Filing No. 25 at 14-16.] Finally, Defendants contend that Relator Harmeyer is not merely the State's alter ego. [Filing No. 25 at 16-19.]

On reply, Relator Harmeyer argues that Defendants' Eleventh Amendment argument is not relevant because "[t]he State's status as a real party in interest is distinct from the relationship between a *qui tam* relator and the sovereign on whose behalf the False Claims Act action is brought." [Filing No. 29 at 3.] Relator Harmeyer reiterates his arguments that the State of Indiana is a real party in interest, and also contends that the State need not be the sole party in interest to defeat jurisdiction. [Filing No. 29 at 4-9.]

The Court notes at the outset that although Relator Harmeyer states that he has no objection to litigating this case in this Court, parties cannot stipulate to the existence of jurisdiction. *See Leguizamo-Medina*, 493 F.3d at 774 (subject matter jurisdiction cannot be waived and "always comes ahead of the merits"). Rather, the Court has a responsibility to ensure that it has jurisdiction, regardless of the parties' positions. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009).

When determining whether there is diversity jurisdiction, courts look not just to the citizenship of the parties named in the caption of the Complaint, but rather also to the citizenship of the real parties in interest. *CCC Info. Servs. v. Am. Salvage Pool Ass'n*, 230 F.3d 342, 346 (7th Cir. 2000). For example, in determining the citizenship of a limited liability company, the Court must look to "the citizenship of all the limited partners, as well as of the general partner." *Hart v. Terminix Int'l*, 336 F.3d 541, 542 (7th Cir. 2003) (quotation and citation omitted). Although the limited partners and general partner are not "parties" to the litigation, they are "real parties in interest" and their citizenship is determinative.

In the *qui tam* context, the United States Supreme Court has held that the United States is a real party in interest, even when it has not intervened. In *U.S. ex rel. Eisenstein v. City of New York, New York*, 556 U.S. 928 (2009), the relators in a *qui tam* action argued that the 60-day

4

deadline for filing a notice of appeal under Fed. R. App. P. 4(a)(1)(A)-(B) when "the United States or an officer or agency thereof is a party" applied, even though the United States had declined to intervene in the action. The Supreme Court recognized a clear distinction between "party" and "real party in interest," finding that while the United States was not a "party" to the case because it had declined to intervene, it was still a "real party in interest." *Id.* at 935 ("the United States' status as a 'real party in interest' in a *qui tam* action does not automatically convert it into a 'party.' The phrase, 'real party in interest,' is a term of art utilized in federal law to refer to an actor with a substantive right whose interests may be represented in litigation by another"). *See also United States v. Sleep Centers Fort Wayne, LLC*, 2016 WL 1358457, *4 (N.D. Ind. 2016) (stating "'the United States is a real party in interest even if it does not control the False Claims Act suit,'…as the 'harms redressed by the FCA belong to the government' regardless of who guides the litigation"); *United States ex rel. Price v. Peters*, 2014 WL 9866915, *1 (C.D. Ill. 2014) ("The United States is a real party in interest of this case, notwithstanding its decision not to intervene and the wholly independent and laudable efforts of Price and her attorneys….to pursue the claim under the False Claims Act"); *United States ex rel. Lusby v. Rolls-Royce*, 570 F.3d 849, 852 (7th Cir. 2009) ("[A]lthough the United States is not a 'party' to a *qui tam* suit unless it intervenes, it is nonetheless a real party in interest – which is to say that its financial interests are at stake….").

Although these cases involved the United States as a real party in interest, and not a state, they are instructive. *See New Mexico ex rel. National Educ. Ass'n of New Mexico, Inc. v. Austin Capital Management Ltd.*, 671 F.Supp.2d 1248, 1251 (D. N.M. 2009) ("The status of the United States in the false-claims-act *qui tam* action at stake in *Eisenstein* was the same as the State's status in this litigation; both potentially stand to benefit financially from the *qui tam* lawsuit even if they have declined to intervene in the action. Therefore, the Supreme Court's acknowledgement of the

real-party-in-interest status of the United States in a *qui tam* lawsuit is persuasive authority regarding the State's status in this case"). Moreover, while it does not appear that the Seventh Circuit has dealt with the specific issue of whether a state is a real party in interest in a *qui tam* action for purposes of whether there is diversity jurisdiction, other federal court have done so and have answered affirmatively. *See, e.g., Id.* (holding that although State was not a party to the litigation for purposes of the Federal Rules of Civil Procedure, it was a real party in interest for purposes of the diversity jurisdiction analysis); *State of California, ex rel. Services Disabled Veterans Telecommunications v. MCI Telecommunications Corp.*, 1999 WL 387034, *1 (9th Cir. 1999) (reversing district court's finding that "the State of California, having declined to intervene in the litigation, was only a nominal party and was therefore not a party for jurisdictional purposes," and stating that "[t]he California False Claims Act is modeled after the federal False Claims Act, and under the federal statute we have held that the government is a real party in interest and may assert its interest even though it has not intervened").

The Court finds that the State of Indiana is a real party in interest to this litigation, despite the fact that it has declined to intervene, and so its citizenship must be considered in determining whether diversity jurisdiction exists here. Defendants' arguments to the contrary are unavailing. First, the cases Defendants cite for the proposition that Relator Harmeyer is the only real party in interest arose outside of the *qui tam* context. [*See, e.g.*, Filing No. 25 at 5 (citing and discussing *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458 (1980), which related to whether trustee or trust beneficiaries were real parties in interest).]

Second, Defendants' analogy between determining whether a state is a real party in interest for diversity purposes and determining whether a state is a real party in interest for purposes of Eleventh Amendment analysis is also based on cases outside of the *qui tam* context. [*See, e.g.*,

6

*Intel Corp. v. Board of Regents of University of Wisconsin System*, 2009 WL 1139930 (W.D. Wis. 2009) (involved 42 U.S.C. § 1983 and state law claims, where court concluded that the Board of Regents and the University of Wisconsin were both arms of the state for diversity jurisdiction purposes using an Eleventh Amendment analysis; plaintiff did not bring *qui tam* claims); *Commissioner of Labor of North Carolina v. Dillard's, Inc.*, 83 F.Supp.2d 622 (M.D. N.C. 2000) (plaintiff asserted claims under the Retaliatory Employment Discrimination Act of North Carolina, and court considered whether the State of North Carolina was a real party in interest for purposes of diversity jurisdiction; plaintiff did not bring *qui tam* claims); *Brotnitsky v. New Jersey Transit Authority*, 1985 WL 17877 (E.D. Pa. 1985) (plaintiff alleged negligence claims against New Jersey Transit Authority, and court determined that Transit Authority was merely an alter ego of the state such that it did not have diversity jurisdiction; plaintiff did not bring *qui tam* claims). Cases finding that the United States is a real party in interest in *qui tam* actions even when it has elected not to intervene in the lawsuit are much more analogous to this case.

Third, the Court rejects Defendants' argument that the State of Indiana has to be the sole real party in interest for its citizenship to matter for purposes of diversity jurisdiction. The case Defendants rely upon, *Missouri, K. & T. Ry. Co. of Kansas v. Hickman*, 183 U.S. 53 (1901), was not a *qui tam* case, and Defendants have not cited any cases extending the one sentence in *Missouri Ry. Co.* that they rely upon to the *qui tam* context.

Finally, Defendants' argument that Relator Harmeyer is not an alter ego of the State is misplaced. He does not need to be an alter ego of the state in order for the State of Indiana to be a real party in interest in a *qui tam* case, and Defendants do not cite any cases standing for that proposition.

Having found that the State of Indiana is a real party in interest in this matter, the Court also finds that the State of Indiana is not considered a citizen of any State and, therefore, its presence in the litigation destroys diversity jurisdiction. *See Illinois v. Kerr-McGee Chem. Corp.*, 677 F.2d 571, 575 n.5 (7th Cir. 1982) ("It is well-established that a state is not considered a citizen of any state for the purposes of diversity jurisdiction. Thus there can be no diversity jurisdiction when a state is a real party in interest to a lawsuit"). Accordingly, this matter must be remanded to the Marion Superior Court.

### III.
### CONCLUSION

For the foregoing reasons, Relator Harmeyer's Motion to Remand, [Filing No. 20], is **GRANTED** and this matter is **REMANDED** to the Marion Superior Court.

Date: 6/13/2017

*[signature]*

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Laura A. Briggs, Clerk

BY: *[signature]*

**Distribution via ECF to all counsel of record**

Deputy Clerk, U.S. District Court